Alan Harris (SBN 146079)
harrisa@harrisandruble.com
David Garrett (SBN 160274)
dgarrett@harrisandruble.com
Min Ji Gal (SBN 311963)
mgal@harrisandruble.com
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale, California 91203
Telephone:  323.962.3777
Fax No.:     323.962.3004

Attorneys for Plaintiff TIMOTHY O'CAIN, individually and on behalf of all others similarly situated

[*Additional counsel continued on next page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIMOTHY O'CAIN, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PULSE COMMERCIALS, LLC, a Delaware Limited Liability Company; THOMAS BENSKI, an individua; MARISA CLIFFORD, an individual; CASEY ENGELHARDT, an individual, DOE 1 through and including DOE 10,<br><br>Defendants. | Case No.  2:23-cv-02194-AB-RAO<br><br>HONORABLE ANDRÉ BIROTTE JR.<br><br>**STIPULATION FOR APPROVAL OF PAGA & FLSA SETTLEMENT AND DISMISSAL OF ACTION**<br><br>Trial Date: None Set<br>Complaint Filed:  April 29, 2022<br>(Los Angeles Superior Court) |

Theodora R. Lee, Bar No. 12982
tlee@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Shiva Shirazi Davoudian, Bar No. 232771
sdavoudian@littler.com
James Payer, Bar No. 292158
jpayer@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Fl.
Los Angeles, California 90067
Telephone: 310-553-0308
Fax No.: 310-553-5583

Attorneys for Defendant
PULSE COMMERCIALS, LLC

| | |
|---|---|
| 1 | **STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL** |
| 2 | Defendant Pulse Commercials, LLC ("Defendant" or "Pulse") and Plaintiff |
| 3 | Timothy O'Cain ("O'Cain" or "Plaintiff") (collectively the "Parties"), by and through |
| 4 | their counsel of record, jointly seek: (1) the Court's approval of their Settlement |
| 5 | Agreement and the payment described therein resolving Plaintiff's individual claims |
| 6 | for relief under the California Private Attorneys General Act (California Labor Code |
| 7 | section 2698 et seq.) ("PAGA") and the Fair Labor Standards Act ("FLSA"); (2) |
| 8 | dismissal of Plaintiff's individual claims with prejudice; and (3) dismissal of the class, |
| 9 | collective, and representative PAGA claims, other than those of Plaintiff, without |
| 10 | prejudice; and (4) all Parties bearing their respective fees and costs except as |
| 11 | expressly provided in the PAGA & FLSA Settlement Agreement. |
| 12 | 1. On April 11, 2022, O'Cain filed a notice with the Labor and Workforce |
| 13 | Development Agency under the California Private Attorneys General Act (California |
| 14 | Labor Code section 2698 et seq.) ("PAGA") asserting various alleged Labor Code and |
| 15 | wage and hour violations (the "PAGA Notice"), which was also sent to Pulse. |
| 16 | 2. On April 29, 2022, O'Cain filed a Complaint entitled *Timothy O'Cain v.* |
| 17 | *Pulse Commercials. a Delaware Limited Liability Company; Thomas Benski, an* |
| 18 | *individual; Marisa Clifford, an individual, DOE 1 through and including 10,* in the |
| 19 | Los Angeles Superior Court, docketed as Case No. 22STCV03493, which was |
| 20 | brought on a class basis and alleged that Pulse violated several provisions of the |
| 21 | California Labor Code and Industrial Wage Orders. |
| 22 | 3. On June 16, 2022, O'Cain filed a First Amended Complaint ("FAC"), |
| 23 | which alleged the same California wage and hour violations as the original Complaint |
| 24 | on a class basis, and added an additional cause of action pursuant to PAGA. |
| 25 | 4. On February 21, 2023, Plaintiff filed a Second Amended Complaint |
| 26 | ("SAC"), which alleged the same California wage and hour violations as the original |
| 27 | Complaint and FAC on a class and representative basis, and added an additional cause |
| 28 | of action pursuant to the FLSA. |

5. On March 23, 2023, Pulse removed the lawsuit to the United States District Court for the Central District of California, which was ultimately designated as Case No. 2:23-cv-02194-AB-RAO and assigned to Judge André Birotte Jr. (the "Lawsuit").

6. By way of the Lawsuit, the PAGA Notice and otherwise, O'Cain has asserted and threatens to assert claims on behalf of himself, the State of California, and other California employees as alleged in the Lawsuit.

7. Pulse denies any and all liability in this Lawsuit. Pulse maintains that they had, and continue to have, legally-compliant employment practices throughout the statutory period in California. Pulse does not admit that they ever violated any provision of the California Labor Code, including, but not limited to, those sections for which Plaintiff seeks relief, or of any other law. However, the Parties desire to resolve all of Plaintiff's individual claims against Pulse and to no longer proceed with this Lawsuit. This Settlement was reached after extensive negotiations and an exchange of relevant information and data. The Parties believe and agree that this Settlement is a fair, adequate, and reasonable resolution of the Lawsuit and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.

8. The "Effective Date" of the PAGA & FLSA Settlement Agreement is the date by which all of the following have occurred:

    a. The Court approves the PAGA & FLSA Settlement Agreement; and

    b. The Court issues an order dismissing the Action with prejudice as to Plaintiff's individual claims and without prejudice as to the class, collective, and representative PAGA claims.

9. A true and accurate copy of the Parties' PAGA & FLSA Settlement Agreement for which they seek Court approval is attached as **Exhibit A**.

10. If approved, the PAGA & FLSA Settlement Agreement will be reported

to the LWDA in conformance with Labor Code section 2699(l). A copy of the PAGA & FLSA Settlement Agreement has been filed with the LWDA, as of this ___ day of May, 2023.

11. The Parties separately negotiated a settlement of Plaintiff's individual claims, including a general release of claims and a Civil Code section 1542 waiver, for which additional consideration is being provided and which is memorialized in a separate Confidential Settlement Agreement and Release of Individual Claims.

12. In exchange for the consideration, undertakings and covenants undertaken by Pulse in the PAGA & FLSA Settlement Agreement, with respect to claims which may have arisen, or may arise, from any act or omission on or prior to the date of execution of this Agreement, arising out of or related, directly or indirectly, to O'Cain's employment, lack of employment, separation of employment, demotion, change in status, constructive discharge or termination with or by Pulse during the time period relevant to personal or professional relationship between O'Cain and Pulse alleged in the Action occurring prior to the date of this Agreement, Plaintiff will release Defendant and the Releasees[1] of and from all manner of actions, suits, claims, damages, liabilities, penalties, arbitrations, charges, claims for attorneys' fees, interest, expenses and costs, judgments, awards, orders, executions or demands of any nature whatsoever, whether known or unknown, suspected or unsuspected, against Releasees or any of them, which O'Cain ever had, now has, or which O'Cain or his heirs, assigns, executors or administrators hereafter can, shall or may have arising under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) which includes (1) claims brought under the PAGA predicated upon California Labor Code Sections 201.5, 203, 226(a), 226(b), 226.7, 512(a), 1194, 1197, 1197.1, and

---

[1] "Releasees" are defined to include Pulse and all of their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents, including, but not limited to Defendants Thomas Benski, Marisa Clifford, and Casey Engelhardt.

1198.5, California Business & Professions Code Section 17200, and/or any other California Labor Code provisions that could have been asserted under the PAGA in connection with the Lawsuit and/or PAGA Notice and (2) claims brought under the FLSA predicated upon Pulse's alleged failure to timely compensate employees all wages they were due ("Released Claims"), including but not limited to any claims for penalties, wages, interest and/or attorneys' fees and costs thereon arising from any and all of the Released Claims.

13. Upon entry of the Order approving the PAGA & FLSA Settlement Agreement, Plaintiff shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of the Releasees from the Released Claims that arose prior the PAGA & FLSA Settlement Agreement.

14. In consideration for Plaintiff's agreement to settle and release his individual FLSA claim, Pulse agrees to pay one hundred dollars and zero cents ($100.00), which will be payable to "Timothy O'Cain" and shall represent payment for FLSA damages and for which a form 1099 shall issue.

15. In consideration for Plaintiff's agreement to settle and release his individual PAGA claim, Pulse agrees to pay four hundred dollars and zero cents ($400.00), of which: (1) $300.00 (representing 75% of said $400.00) will go to the LWDA; and (2) $100.00 will be payable to "Timothy O'Cain" and shall represent payment for PAGA penalties and for which a form 1099 shall issue.

16. Counsel for Pulse shall distribute the payments outlined in Paragraphs 14 and 15 above within fourteen (14) business days of the Court granting approval of the PAGA & FLSA Settlement Agreement.

17. The Parties have agreed to cooperate in obtaining an Order from the Court approving the PAGA & FLSA Settlement Agreement at the earliest possible date. It is the Parties' intent that this Stipulation and Proposed Order satisfy the requirements of California Labor Code section 2699(k)(2). However, the Parties agree to use their best efforts to expedite the preparation and submission of whatever

additional documents the Court may require, if any, in order to approve the PAGA & FLSA Settlement Agreement. The Parties further agree to fully cooperate in the drafting and/or filing of any further documents or filings reasonably necessary to be prepared or filed, shall take all steps that may be requested by the Court relating to, or that are otherwise necessary to the approval and implementation of this Settlement. The Court's approval of the Settlement is a condition of the enforceability of this PAGA & FLSA Settlement Agreement. If the Court should for any reason fail to approve the Settlement, then (a) the Settlement shall be considered null and void, (b) neither the Settlement nor any of the related negotiations or proceedings shall be of any force or effect, and (c) all Parties to the Settlement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

18. The PAGA & FLSA Settlement Agreement and compliance with the PAGA & FLSA Settlement Agreement shall not be construed as an admission by Pulse of any liability whatsoever, or as an admission by Pulse of any violations of Plaintiff's (nor any other employees') rights, violation of any order, law, statute, duty or contract whatsoever. Pulse specifically disclaims any liability to Plaintiff or any other employee for any alleged violation of his/her/their rights, or for any alleged violation of any order, law, statute, duty or contract.

19. Neither the PAGA & FLSA Settlement Agreement nor any of its terms shall be offered or used as evidence by any of the Parties, or their respective counsel in the Lawsuit or in any other action or proceeding; provided, however, this shall not prevent the PAGA & FLSA Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the PAGA & FLSA Settlement Agreement.

20. The PAGA & FLSA Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any of the Parties, or of any other person, firm or other entity.

21. Pulse and O'Cain shall each bear their own attorney's fees and costs except as expressly agreed in the settlement of Plaintiff's individual claims.

22. The Parties agree and contend that the settlement of Plaintiff's individual claims and dismissal of the class claims in this action without prejudice to the putative class is warranted because the factors set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), are met and favor dismissal without the provision of notice to the putative class. Specifically, there is no prejudice to the putative class from: (1) class members' possible reliance on the filing of the action if they are likely to know of it because the Parties are unaware of any media attention given to the case and no putative class members have independently contacted counsel for either Party to inquire about the status of the case; (2) lack of adequate time for class members to file other actions, because this case has been pending for less than one year, there is no rapidly approaching statute of limitations, and any individual claims potentially benefit from *American Pipe* tolling (*see Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551-52 (1974)); and (3) the settlement of Plaintiff's individual claims is fair and reasonable and does not compromise the position of any putative class member, as the dismissal of the class claims is without prejudice to the putative class. In sum, all three *Diaz* factors favor dismissal of the class claims and without the necessity of notice to the putative class.

23. The Parties agree that upon the occurrence of the dismissal of this Lawsuit pursuant to the terms of the PAGA & FLSA Settlement Agreement and this Stipulation, the PAGA & FLSA Settlement Agreement shall be enforceable by the Court and the Court shall retain exclusive and continuing equity jurisdiction of this Lawsuit over all Parties to interpret and enforce the terms, conditions and obligation of the Agreement.

**IT IS SO STIPULATED.**

Dated: May 8, 2023					HARRIS & RUBLE


							 /s/ Alan Harris
							_____
							ALAN HARRIS

							Attorneys for Plaintiff TIMOTHY O'CAIN


							LITTLER MENDELSON, P.C.,
Dated: May 8, 2023



							 /s/ Shiva Shirazi Davoudian
							_____
							THEODORA R. LEE
							SHIVA SHIRAZI DAVOUDIAN
							JAMES PAYER
							Attorneys for Defendant PULSE
							COMMERCIALS, LLC




I, the undersigned, attest that in compliance with Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:___/s/ Min Ji Gal_____

# Exhibit A

DocuSign Envelope ID: F4D5B5CF-C16C-447A-A401-83405DC214F4

## PRIVATE ATTORNEYS GENERAL ACT & FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND RELEASE

This Private Attorneys General Act & Fair Labor Standards Act Settlement and Release Agreement ("PAGA & FLSA Settlement Agreement" or "Agreement") is made and entered into by Plaintiff TIMOTHY O'CAIN ("O'Cain" or "Plaintiff") and Defendant PULSE COMMERCIALS, LLC ("Defendant" or "Pulse") (sometimes referred to collectively as "Parties").

## RECITALS

A. WHEREAS, on April 11, 2022, O'Cain filed a notice with the Labor and Workforce Development Agency under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) ("PAGA") asserting various alleged Labor Code and wage and hour violations (the "PAGA Notice"), which was also sent to Pulse;

B. WHEREAS, on April 29, 2022, O'Cain filed a Complaint entitled *Timothy O'Cain v. Pulse Commercials. a Delaware Limited Liability Company; Thomas Benski, an individual; Marisa Clifford, an individual, DOE 1 through and including 10,* in the Los Angeles Superior Court, docketed as Case No. 22STCV03493 (the "Action"), which was brought on a class basis and alleged that Pulse violated several provisions of the California Labor Code and Industrial Wage Orders;

C. WHEREAS, on June 16, 2022, O'Cain filed a First Amended Complaint ("FAC"), which alleged the same California wage and hour violations as the original Complaint on a class basis, and added an additional cause of action pursuant to PAGA;

D. WHEREAS, on February 21, 2023, Plaintiff filed a Second Amended Complaint ("SAC"), which alleged the same California wage and hour violations as the original Complaint and FAC on a class and representative basis, and added an additional cause of action pursuant to the Fair Labor Standards Act ("FLSA");

E. WHEREAS, on March 23, 2023, Pulse removed the lawsuit to the United States District Court for the Central District of California, which was ultimately designated as Case No. 2:23-cv-02194-AB-RAO and assigned to Judge André Birotte Jr. (the "Lawsuit");

F. WHEREAS, by way of the Lawsuit, the PAGA Notice and otherwise, O'Cain has asserted and threatens to assert claims on behalf of himself, the State of California, and other California employees as alleged in the Lawsuit;

G. WHEREAS, Pulse contends they have satisfied all of their obligations to O'Cain, and the employees he seeks to represent, as Pulse has timely paid all wages and benefits, including overtime, minimum wages, and meal and rest period premiums, due and owing to them and Pulse denies all of O'Cain's allegations in the Lawsuit and PAGA Notice;

H. WHEREAS, the defense contends there is a bona fide good faith dispute between O'Cain and Pulse as to the merits of O'Cain's asserted and threatened claims under the PAGA and FLSA;

I. WHEREAS, the Parties desire to fully and finally resolve and settle O'Cain's individual PAGA claim and individual FLSA claim arising out of his employment with and separation from Pulse;

J. WHEREAS, Plaintiff is not pursing a representative PAGA claim or FLSA collective action on behalf of other individuals;

1

DocuSign Envelope ID: F4D5B5CF-C16C-447A-A401-83405DC214F4

NOW THEREFORE IN CONSIDERATION of the promises and covenants contained in this Agreement, O'Cain and Pulse agree to the following:

1. **Definition of Releasees**: References in this Agreement to "Releasees" shall include Pulse and all of their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents, including, but not limited to Defendants Thomas Benski, Marisa Clifford, and Casey Engelhardt.

2. **Approval of PAGA & FLSA Settlement And Dismissal Of Action As Condition Precedent**: In conjunction with this PAGA & FLSA Settlement Agreement, the Parties are filing with the Court a Stipulation for Approval of PAGA & FLSA Settlement And Dismissal of Action ("Settlement and Stipulation") by which the Parties resolve, settle and discharge the Lawsuit on an individual basis with prejudice and dismissing the class, collective, and representative claims without prejudice subject to Court approval. This Agreement is contingent upon execution by the Parties and approval by the Court of the Settlement and Stipulation. The Court's unconditional approval of the Settlement and Stipulation approving the PAGA & FLSA Settlement Agreement and dismissing the Lawsuit as set forth above is an express condition precedent to Pulse and O'Cain's obligations under this Agreement (including, but not limited to, all payment obligations). If the Settlement and Stipulation is not unconditionally approved by the Court, then: (1) this Agreement shall be null and void; (2) neither the Agreement nor any of the related negotiations or proceedings shall be of any force or effect; and (3) all Parties to the Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

3. **Settlement Payment/Consideration**: In consideration for O'Cain's agreement to settle and release his individual claim under the PAGA and FLSA, Pulse agrees to pay a total of five hundred dollars and zero cents ($500.00), which will be paid as follows:

    a. One hundred dollars and zero cents ($100.00) to settle and release Plaintiff's individual FLSA claim, which will be payable to "Timothy O'Cain" and shall represent payment for FLSA damages and for which a form 1099 shall issue; and
    b. Four hundred dollars and zero cents ($400.00) to settle and release Plaintiff's individual PAGA claim, of which: (1) $300.00 (representing 75% of said $400.00) will go to the Labor & Workforce Development Agency ("LWDA"); and (2) $100.00 will be payable to "Timothy O'Cain" and shall represent payment for PAGA penalties and for which a form 1099 shall issue.

Counsel for Pulse shall distribute said amounts to the LWDA and to O'Cain no later than fourteen (14) business days of the Court granting approval of the PAGA & FLSA Settlement Agreement. O'Cain agrees that Pulse's designation of settlement funds in the manner set forth in this paragraph is fully acceptable. O'Cain further acknowledges that the foregoing constitutes an accord and satisfaction and a full and complete settlement of his individual PAGA and FLSA claims. Pulse's payment set forth in this paragraph shall constitute the entire consideration to be provided to O'Cain pursuant to this PAGA & FLSA Settlement Agreement and for resolution of his individual PAGA and FLSA claims. O'Cain agrees not to seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this PAGA & FLSA Settlement Agreement.

DocuSign Envelope ID: F4D5B5CF-C16C-447A-A401-83405DC214F4

4. **Effective Date:** The Effective Date of this PAGA & FLSA Settlement Agreement is the date that the Court approves the Settlement and Stipulation as set forth in Paragraph 2. O'Cain represents that he does not seek to pursue a PAGA claim on behalf of other aggrieved employees or an FLSA collective action and therefore a dismissal with prejudice on behalf of other alleged "aggrieved employees" or on behalf of members of a FLSA collective action is not warranted. To the extent the Court does not approve the Settlement and Stipulation, the Parties and their counsel agree that they will cooperate with each other and use their best efforts to effect the PAGA & FLSA Settlement Agreement to obtain Court approval for same.

5. **LWDA Notification**: O'Cain will timely provide the notifications and submission to the LWDA as required by Labor Code section 2699(l).

6. **Taxes; Indemnification:** O'Cain acknowledges and agrees that Pulse has not made any representations regarding the tax consequences of any payment made pursuant to this Agreement. O'Cain agrees that he is responsible for payment of any and all taxes on the payments made pursuant to this Agreement. O'Cain further agrees to indemnify, hold harmless and defend Pulse against any and all claims, demands, or liabilities that may be asserted by any governmental agency (including but not limited to any local, state or federal taxing authority or agency) against Pulse for any federal, state or local taxes or penalties that may be payable as a result of any payment made pursuant to this Agreement. In addition, O'Cain agrees to pay any and all interest or penalties charged to or assessed against Pulse based on any payment made pursuant to this Agreement.

7. **Release of PAGA & FLSA Claims:** To the greatest extent permitted by law, with respect to claims which may have arisen, or may arise, from any act or omission on or prior to the date of execution of this Agreement, arising out of or related, directly or indirectly, to O'Cain's employment, lack of employment, separation of employment, demotion, change in status, constructive discharge or termination with or by Pulse during the time period relevant to personal or professional relationship between O'Cain and Pulse alleged in the Action occurring prior to the date of this Agreement, O'Cain individually and on behalf of himself only freely, knowingly and voluntarily releases and forever discharges Pulse and the Releasees of and from all manner of actions, suits, claims, damages, liabilities, penalties, arbitrations, charges, claims for attorneys' fees, interest, expenses and costs, judgments, awards, orders, executions or demands of any nature whatsoever, whether known or unknown, suspected or unsuspected, against Releasees or any of them, which O'Cain ever had, now has, or which O'Cain or his heirs, assigns, executors or administrators hereafter can, shall or may have arising under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) which includes (1) claims brought under the PAGA predicated upon California Labor Code Sections 201.5, 203, 226(a), 226(b), 226.7, 512(a), 1194, 1197, 1197.1, and 1198.5, California Business & Professions Code Section 17200, and/or any other California Labor Code provisions that could have been asserted under the PAGA in connection with the Lawsuit and/or PAGA Notice and (2) claims brought under the FLSA predicated upon Pulse's alleged failure to timely compensate employees all wages they were due ("Released Claims"), including but not limited to any claims for penalties, wages, interest and/or attorneys' fees and costs thereon arising from any and all of the Released Claims. All such Released Claims (including, without limitation, claims for related attorneys' fees and costs) are forever barred by this Agreement regardless of the forum in which they may be brought.

DocuSign Envelope ID: F4D5B5CF-C16C-447A-A401-83405DC214F4

Nothing in this Agreement shall affect any state or federal government agencies' rights and responsibilities to enforce the California Labor Code or any other applicable law, nor shall anything in this Agreement be construed as a basis for interfering with O'Cain's protected right to file a timely charge with, or participate in an investigation or proceeding with a state, federal or local government entity; provided, however, if the state, federal or local government entity commences an investigation on O'Cain's behalf pertaining to the claims asserted in the Lawsuit and/or PAGA Notice, Plaintiff specifically waives and releases his right, if any, to recover any monetary or non-monetary benefits of any sort whatsoever arising from any such investigation or otherwise and from any such administrative charge or complaint filed with any government agency other than the NLRB.

8. **No Admission Of Liability:** This PAGA & FLSA Settlement Agreement shall not be construed as an admission by Pulse or the Releasees of liability or of any violation of the rights of O'Cain or any person, or of any violation of any law, statute, duty or order whatsoever. Pulse and the Releasees do not admit that they ever violated any provision of the California Labor Code, including, but not limited to, those sections for which O'Cain seeks relief, including under the PAGA, any provision of the California Labor Code, including, but not limited to, those sections for which O'Cain seeks relief, the FLSA, or of any other law. Pulse and the Releasees specifically disclaim any liability to O'Cain or any other person, including any allegedly aggrieved employees, for any violation of any contract, law, statute, duty, order, or any other basis. This PAGA & FLSA Settlement shall not be used or offered as evidence to establish liability against Pulse or the Releasees in any subsequent action or proceeding; provided, however, this shall not prevent the PAGA & FLSA Settlement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the PAGA & FLSA Settlement.

9. **Severance:** If any provision of this Agreement is held to be invalid by a court of competent jurisdiction, that provision shall be deemed severed and deleted from this Agreement, and neither that provision nor its severance and deletion shall affect the validity of the remaining provisions. Notwithstanding the foregoing, no portion of any release contained herein may be deemed severed or deleted from this Agreement, except upon waiver in writing by the applicable Releasees. If such release is found to be invalid, this entire Agreement shall be deemed null and void.

10. **Choice of Law:** This PAGA & FLSA Settlement Agreement is to be interpreted pursuant to the laws of California, except where the application of federal law applies.

11. **Counterparts/Facsimile Signatures:** This PAGA & FLSA Settlement Agreement may be executed in counterparts, and signatures exchanged by facsimile or other electronic means (e.g., PDF) shall be effective for all purposes hereunder to the same extent as original signatures, all of which when taken together shall constitute the Agreement. Any Party who delivers a facsimile or PDF signature page agrees to later deliver an original signature page to any Party who requests it.

**Having read, understood, and agreed to the foregoing terms and conditions, the Parties hereby voluntarily execute this PAGA & FLSA Settlement Agreement by placing their signatures below.**

5/4/2023
_____
Date

DocuSigned by:
*Jim O'Cain*
289DBCC5E33043F...
_____
TIMOTHY O'CAIN

DocuSign Envelope ID: F4D5B5CF-C16C-447A-A401-83405DC214F4

5/4/23
Date

By: /s/ signature

PULSE COMMERCIALS, LLC

4876-7006-5502.1 / 100920-1006

Page **5** of **5**